**E-Filed 9/27/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VINICIO GASCA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case Number 5:07-cv-02121 JF<br>　　　　　　　　　5:06-cr-00576 JF<br><br>ORDER[1] DENYING DEFENDANT'S<br>MOTION PURSUANT TO 28 U.S.C. § 2255<br><br>[Docket No. 1] |

On December 20, 2006, Petitioner Vinicio Gasca ("Gasca") was committed by this Court to the custody of the Bureau of Prisons for violations of 18 U.S.C. § 1552 (passport fraud), 18 U.S.C. § 922(g)(1) (felon in possesssion of a firearm), and 8 U.S.C. § 1326 (re-entry of removed alien). As part of his plea agreement, Gasca waived the right to challenge his sentence. Dkt. 11, Plea Agreement at 3 ("I agree not to file any collateral attack on my convictions or sentence, including a petition under 28 U.S.C. § 2255 . . . except for a claim that my constitutional right to the effective assistance of counsel was violated.").

---

[1] This disposition is not designated for publication in the official reports.

Case No. 05:07-cv-02121 JF
ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255
(JFLC3)

1   On May 9, 2007, Gasca filed the instant motion seeks a reduction of his sentence. The
2 bases for the motion are not entirely clear. Gasca asserts that his sentence violates his
3 constitutional right to equal protection, and the "Equal Rights Act," because as a deportable alien
4 he cannot be housed in a minimum security or community correction facility. He also asserts
5 that "the United States Attorney General can offer up to two (2) points downward departure if
6 defendant accepts a final deportation order." Motion p. 1. However, he does not allege any facts
7 demonstrating that he is eligible for such a downward departure.

8   Gasca's motion is foreclosed by his prior agreement not to pursue a collateral appeal of
9 his conviction or sentence. Knowing and voluntary waivers of appellate rights in criminal cases
10 are enforced regularly. *United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir. 2000). Gasca
11 has not alleged ineffective assistance of trial counsel or any other facts that would invalidate the
12 plea agreement.

13   Even if the motion were in order, Gasca's argument, which appears to be that his
14 sentence is unduly harsh because as a deportable alien he has been denied access to certain
15 rehabilitative programs to which other prisoners have access, has no merit. The crime for which
16 Gasca is being punished, illegal re-entry, necessarily involves a defendant who is a deportable
17 alien. Accordingly, there is no showing of sentencing disparities based on deportable status as
18 between individuals found guilty of similar conduct. *United States v. Martinez-Ramos*, 184 F.3d
19 1055, 1058 (9th Cir. 1999) (holding that where defendants are held in violation of § 1326
20 "deportable status may not be a ground for downward departure from the applicable guideline
21 range").

22   Defendant's motion for relief pursuant to 28 U.S.C. § 2255 is DENIED.
23 IT IS SO ORDERED.

25 DATED: September 27, 2009

JEREMY FOGEL
United States District Judge

2

Case No. 05:07-cv-02121 JF
ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255
(JFLC3)

1   Copies of Order served on:

2   Vinicio Gasca
    10564-111
3   Correctional Institution
    P.O. Box 3001-0001
4   California City, CA 93504

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

Case No.  05:07-cv-02121 JF
ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255
(JFLC3)